**AUSTIN v. MISSOURI PAC. R. CO.**

**No. 6282.**

Court of Appeal of Louisiana. Second Circuit.

Jan. 13, 1941.

Rehearing Denied Feb. 4, 1941.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellant.

Tom M. Hayes, Jr., of Monroe, for appellee.

DREW, Judge.

This is a suit for damages caused to the plaintiff by a fire which destroyed 16 acres. of growing hay, a church house, some fence and one shade tree. Plaintiff contends that the fire was started from burning crossties on defendant's right of way, said fire having been lighted by the section crew in the employ of defendant; that after the fire was started it was left unattended and that it spread from the crossties to the grass on the right of way and continued to spread until it reached the highway then, due to a strong wind blowing from the northeast, the fire jumped the highway and caught the grass on the west side thereof and from there continued spreading until it reached plaintiff's hay meadow. The fire complained of occurred on September 16, 1939, and it is shown that the summer had been an unusually dry one.

Defendant denies that the fire in plaintiff's field had any causal connection with the fire set out by its employees in burning old crossties.

The lower court awarded judgment for plaintiff and defendant has prosecuted this appeal which plaintiff has answered praying that the amount of the award be increased.

The location of plaintiff's farm where the damage occurred is about eight miles south of Monroe, Louisiana, on the Monroe-Columbia highway, designated as No. 165. This highway runs north and south. Plaintiff's farm is west of the highway and adjoins the shoulder of the highway, which is its eastern boundary. It is bounded on the north by a lane which separates his property from the McDonald farm. This lane, which is used as a road, extends east across the highway and right of way and track of defendant Company. The right of way and track of defendant are east of highway No. 165. The highway is therefore between plaintiff's farm and the railroad Company's property.

█ There is no question of law presented. That is well settled and agreed upon by the litigants. The sole and only question to determine is one of facts and a determination of one fact will decide the case,—was there any fire on the west side of defendant's right of way within a distance of one-half mile north of the road or lane running east and west on the north side of plaintiff's property?

Plaintiff contends that the crossties were piled and fired at a point west of defendant's right of way from 75,to 100 feet north of this lane and also at a point approximately 75 feet south of the lane, and offered several reputable witnesses who so testified. They also testified that the grass and weeds on the right of way in the locality of these two fires were burned to a stubble. Defendant offered an array of witnesses, many of whom were just as reputable as plaintiff's, who are positive there was only one pile of crossties fired in that vicinity on September 16, 1939, and that it was about one-half mile north of the lane. They are also positive that the grass and weeds on the west side of defendant's right of way for a considerable distance both north and south of the lane did not burn on September 16, 1939, and had not been burned for a long time prior thereto. Defendant corroborated its witnesses by offering photographs of the premises, including the right of way of defendant at and near the lane. That these pictures portray the true conditions at the time they were taken approximately three months after the fire, is not denied or disputed. They plainly show that the grass and weeds on the right of way both north and south of the lane had not been burned in many months. The weeds, as shown by these pictures, are three to four feet high and it was impossible for them to have grown to that height in the time which elapsed between the date of the fire and the date they were taken. This is especially true when we consider there was a killing frost on October 10th following the date of the fire.

The conclusion we have reached is inescapable under the testimony in the case. Plaintiff does not claim that the pile of crossties which were burned one-half mile north of his property had any causal connection with the fire that caused him the damages for which he is suing and we are convinced there was no other fire on de-

fendant's right of way in that vicinity on September 16th, 1939.

There are many ways in which the fire could have been started on the west side of the shoulder of the highway and spread into plaintiff's meadow, as we are convinced it did, but it is not incumbent upon the defendant to show exactly how it started in order to escape liability. It is not probable that the fire set out by defendant's employees one-half mile north of plaintiff's property had any causal connection with the burning of his hay meadow and the other damage that followed.

As much as we dislike to reverse a lower court purely and simply on facts, we are forced to do so in this case.

The judgment of the lower court is reversed and the demands of plaintiff are rejected at his costs in both courts.